JAMES E. BRYAN, RELATOR, v. WALTER F. FROMM, SU-
PERINTENDENT OF BUILDINGS OF THE CITY OF
ELIZABETH, RESPONDENT.

Argued August 14, 1946—Decided August 29, 1946.

Before Justice COLIE, sitting as a single justice pursuant to the statute.

For the relator, *James F. X. O'Brien.*

For the respondent, *Jacob Pfeferstein.*

COLIE, J.  James E. Bryan is the owner of premises in the City of Elizabeth upon which he desires to erect two three story frame and brick veneer construction apartment houses. Walter F. Fromm, the superintendent of buildings of the City of Elizabeth, refuses to issue the necessary building permit and the relator now seeks a writ of peremptory *mandamus* to compel him to do so.

The facts as developed in the affidavits disclose that the relator in April, 1946, filed plans and specifications which conformed to the building code of the municipality.  No permit issued, however, because the plans and specifications lacked an architect's seal as required.  Despite having no written building permit, relator proceeded with the construction and in June, 1946, was fined $10 in the Elizabeth Police Court, after pleading guilty of having undertaken construction without a building permit. The original plans and specifications called for concrete block and brick veneer construction but relator, during the course of construction, ascertained that the concrete block material was unobtainable except at

excessive prices and from the "black market." In this situation, he applied for leave to change to frame and brick veneer construction. The building inspector refused a permit but verbally agreed to permit the construction to a height of two stories pending relator's appeal to the Bureau of Standards and Appeals.

On June 13th, 1946, the Bureau of Standards and Appeals denied permission to the relator to deviate from the building code on the ground that to do so would create a fire hazard. Thereafter, on July 23d, the City of Elizabeth amended and supplemented section 35 of the building code, the amendment reading:

"Where it appears that the Superintendent of Buildings lacks power to deviate from the provisions of the code and that consequently the Board of Standards and Appeals has no such power, then an appeal may be made by the builder, who has been hampered by extraordinary conditions, to the Board of Public Works for relief, and the Board of Public Works shall have the power, upon good cause shown, to direct the Superintendent of Buildings to issue a permit, provided any departure from the Building Code, as adopted, must conform to the Code of the New Jersey Board of Tenement House Supervisors."

Upon the adoption of the above ordinance on July 23d, the relator applied to the Board of Public Works for relief and that body acting under the authority of the aforesaid ordinance and the authority purportedly vested in it by *R. S.* 40:175–23 "to regulate and control the manner of building dwelling houses, * * * and all other building and structures, and to prohibit within certain limits, the building or erection of any dwelling house, * * * or other building of wood or other combustible material," adopted a resolution reading as follows: "Resolved, that the Superintendent of Building be and he is hereby directed to issue a building permit to James E. Bryan to construct two three story dwellings at numbers 422-442 Vine Street, of frame and brick veneer construction, in accordance with his application for same." Thereafter, a further demand that the superintendent of buildings issue a permit was denied and at this juncture of

affairs, application is made for a peremptory writ of *mandamus*. The ground upon which the superintendent of buildings now declines to issue the permit is stated in the brief filed on his behalf to be "that the supplemental ordinance was meaningless and that it was vague, indifferent and uncertain inasmuch as it assumed to cloak itself with an authority that it had delegated to the Board of Standards and Appeals, which power it did not void or vitiate by the supplemental ordinance." The stated ground for the refusal to issue the permit as he was directed to do is unquestionably based upon his desire to perform properly his duties in the best interest of the municipality. However, the arguments put forward in opposition to the application for *mandamus* are not now pertinent. They are in effect an attack upon the ordinance and resolution, neither of which may be attacked collaterally. *Montefiore Cemetery Co.* v. *Board of Commissioners of Newark*, 3 *N. J. Mis. R.* 1100.

A peremptory writ of *mandamus* is allowed.